UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
K.K. and D.K., individually and on behalf of M.K.,
a child with a disability,

                    *Plaintiff,*

   --against—

NEW YORK CITY DEPARTMENT OF EDUCATION,

                  *Defendant.*
------------------------------------------------------------------X

**COMPLAINT**

Case No.

K.K. and D.K., individually and on behalf of M.K., a child with a disability, by and through their attorneys, CUDDY LAW FIRM, PLLC, for the complaint hereby alleges:

1. This is an action brought pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3).

2. Plaintiffs K.K., D.K., and M.K. reside in Richmond County, State of New York.

3. M.K. is a child with a disability as defined by IDEA, 20 U.S.C. § 1401(3)(A).

4. K.K. and D.K. are the parents of M.K. as defined by IDEA, 20 U.S.C. § 1401(23).

5. Defendant, New York City Department of Education, is a local educational agency as defined by IDEA, 20 U.S.C. §1401(19), and, as such, is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. § 1400 *et seq.*, and the regulations promulgated thereunder.

**JURISDICTION AND VENUE**

6. Jurisdiction is predicated upon 28 U.S.C. § 1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the fee-shifting provision of IDEA, 20 U.S.C. § 1415(i)(3)(A), which provides that

the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy.

7. Venue is predicated upon 28 U.S.C. § 1391(b)(1) based upon the residence of the Defendant at the Defendant's principal office located at 52 Chambers Street, New York, NY 10007, and upon 28 U.S.C. § 1391(b)(2) based upon the location of the subject matter of this action.

**FACTUAL BACKGROUND**

8. M.K. was born in 2010.

9. M.K. had been classified as a student with a learning disability by Defendant's Committee on Special Education (CSE).

10. By due process complaint (DPC) to the Defendant dated March 23, 2021, Plaintiff requested a due process hearing pursuant to 20 U.S.C. § 1415(f)(1).

11. The matter was assigned case number 207452.

12. The Plaintiff's DPC requested, *inter alia,* a finding that the Defendant did not provide M.K. with a free appropriate public education (FAPE) pursuant to IDEA, during the 2020-2021 school year.

13. As relief, Plaintiff's DPC requested:

    a. A finding of a denial of a FAPE for the 2020-2021 school year;

    b. Tuition to Staten Island Academy for the 2020-2021 school year;

    c. Reimbursement to the Parent for transportation expenses for M.K. to/from school;

    d. The Defendant to conduct a speech-language (S-L), occupational therapy (OT), and psychoeducation evaluation within thirty (30) days of the order; and

    e. The Defendant to convene a CSE meeting to review the new evaluations.

2

14. On December 2, 2021, the Defendant appointed impartial hearing officer (IHO) Audrey Daniel to the matter.

15. On December 14, 2021, Plaintiff submitted a subsequent DPC, Plaintiff requested a due process hearing pursuant to 20 U.S.C. § 1415(f)(1).

16. The matter was assigned case number 222763.

17. As relief, Plaintiff requested:

    a. A finding of a denial of FAPE for the 2021-2022 school year;

    b. Tuition to Staten Island Academy for the 2021-2022 school year;

    c. Reimbursement to the Parent for transportation expenses for M.K. to/from school;

    d. The Defendant to fund an independent neuropsychological evaluation by Dr. Amy Racanello at a rate of $6,875;

    e. The Defendant to convene a CSE meeting to review the new evaluations.

18. Plaintiff requested that case numbers 207452 and 222763 be consolidated.

19. On December 16, 2021, IHO Daniel held a prehearing conference.

20. On January 4, 2022, IHO Audrey Daniel issued an order of consolidation where she granted the Plaintiff's request to consolidate the two matters.

21. The Defendant failed to hold the mandated resolution session for either hearing request.

22. IHO Daniel scheduled the substantive hearing for March 4, 2022 for the Defendant to present its case and March 11, 2022 for the Plaintiff to present its case.

23. The Defendant failed to appear for the March 4, 2022 hearing date.

24. At March 4, 2022, IHO Daniel marked Plaintiff's forty-three (43) exhibits for identification.

25. At the March 4, 2022 hearing, the Parent withdrew the request for a psychoeducational evaluation as the Parent subsequently pursued an independent neuropsychological evaluation.

26. On March 11, 2022, both Parties appeared for hearing. Both Parties made opening statements.

27. The Defendant did not offer any exhibits.

28. The Defendant did not call any witnesses.

29. The Plaintiff's previously marked forty-three (43) exhibits were admitted into evidence.

30. The Parent presented three (3) witnesses via direct examination. The Defendant cross examined all three of the Plaintiff's witnesses.

31. IHO Daniel scheduled April 7, 2022 for the Parties to submit closing briefs. Both Parties submitted written closing briefs.

32. On April 20, 2022, IHO Daniel issued a finding of fact and decision (FOFD). IHO Daniel found that the Defendant denied M.K. a FAPE for the 2020-2021 and 2021-2022 school years. IHO Daniel ordered: the Defendant to fund M.K.'s tuition to Staten Island Academy for the 2020-2021 and 2022-2023 school years, the Defendant to reimburse the Parents for roundtrip special education transportation for M.K. to/from school for the 2020-2021 and 2021-2022 school years, the Defendant to fund the 2022 independent neuropsychological evaluation, the Defendant to conduct a S-L and OT evaluation within fourteen (14) days of the order; and the CSE to convene within fourteen (14) days of receipt of the evaluations.

33. On July 23, 2022, Plaintiff, through counsel, submitted a demand for attorneys' fees for the consolidated cases (Case Nos. 207452 & 222763), to Defendant's Office of Legal Services (OLS).

34. On August 2, 2022, Defendant advised Plaintiff's counsel via email that the fee demand for Case Nos. 207452 & 222763 had been received and that the attorney, Michael Lawrence, had been assigned to the fee claim.

35. As of this Complaint's date, nine months later, no further communication has been made by Defendant to Plaintiff's counsel for the fee demand in Case Nos. 207452 & 222763.

36. On December 15, 2022, Plaintiff submitted a subsequent DPC, Plaintiff requested a due process hearing pursuant to 20 U.S.C. § 1415(f)(1).

37. The Plaintiff sought a finding that the Defendant denied M.K. a FAPE for the 2022-2023 school year, a finding that Staten Island Academy is an appropriate placement for M.K. for the 2022-2023 school year, the Defendant to reimburse the Parent and/or make direct payment for M.K.'s tuition at Staten Island Academy for the 2022-2023 school year, the Department to conduct a classroom observation, social history report, and AT evaluation within fifteen (15) days of the order, amongst other items.

38. The matter was assigned case number 243824.

39. The Defendant failed to hold the mandated resolution session.

40. The matter was assigned to IHO Patricia Pena through the Office of Administrative Trials and Hearings (OATH).

41. On February 10, 2023, the Parties appeared for a settlement conference and prehearing conference through OATH.

42. The Parties were unable to resolve the matter at the OATH settlement conference.

43. The Defendant failed acknowledge its statutory pendency obligation pursuant to the IDEA §1415(j)and Part 200.5(m).

44. On February 28, 2023, IHO Pena held a pendency hearing in case number 243824.

45. Daniel Costigan, Esq. appeared on behalf of the Defendant.

46. Mr. Costigan took no position as to pendency.

47. The Parent entered two (2) exhibits into the record.

48. That same day, IHO Pena issued a decision on pendency finding that the Plaintiff was entitled to pendency at Staten Island Academy at public expense during the pendency of the proceeding.

49. On March 17, 2023, the Parties appeared for a hearing on the merits.

50. IHO Pena entered two IHO exhibits into the record.

51. The Plaintiff entered thirty-four (34) exhibits into the record.

52. The Defendant entered ten (10) exhibits into the record.

53. Both Parties made opening statements.

54. The Defendant did not call any witnesses as it originally indicated it would.

55. The Defendant requested an adjournment stating its witnesses were unavailable.

56. IHO Pena denied the Defendant's request for an adjournment.

57. The Plaintiff offered three (3) witnesses via affidavit, and made each witness available for live cross examination.

58. The Defendant cross examined two (2) of the Plaintiff's witnesses.

59. Both Parties made closing statements on the record.

60. On March 30, 2023, IHO Pena issued a findings of fact and decision for case number 243824.

61. IHO Pena ordered the Defendant to reimbursement the Parent for tuition and transportation to Staten Island Academy for the 2022-2023 school year within thirty (30) days of proof of

attendance and tuition and for the Defendant to conduct an assistive technology (AT) evaluation within thirty (30) days of the order.

62. The Defendant did not conduct the ordered AT evaluation until May 2, 2023.

63. As of the date of this complaint, the Plaintiff has not received a copy of the AT evaluation report.

64. On April 7, 2023, Plaintiff, through counsel, submitted a demand for attorneys' fees for the consolidated cases (Case No. 243824), to Defendant's Office of Legal Services (OLS).

65. On April 25, 2023, Defendant advised Plaintiff's counsel via email that the attorney, Jeffrey Cassuto, had been assigned to the fee claim.

66. As of this Complaint's date, no further communication has been made by Defendant to Plaintiff's counsel for the fee demand in Case No. 243824.

## FIRST CAUSE OF ACTION

67. Plaintiff repeats and re-alleges paragraphs 1 through 62 as fully set forth herein.

68. Plaintiff K.K. and D.K. having prevailed in the underlying proceedings hereby seek reasonable attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3).

69. Pursuant to 28 U.S.C. § 1961, Plaintiff seeks postjudgment interest to deter any further delay of payment by Defendant following any judgment.

## SECOND CAUSE OF ACTION

70. Plaintiff repeats and realleges paragraphs 1 through 62 as fully set forth herein.

71. The Defendant did not timely conduct the ordered AT evaluation of M.K.

72. As of the date of this complaint, the Defendant has not provided the Plaintiff with a copy of the ordered AT evaluation report.

WHEREFORE, Plaintiffs respectfully request that this Court:

(1) Assume jurisdiction over this action;

(2) Award to the Plaintiff costs, expenses and attorneys' fees for the administrative proceeding in case number 207452 & 222763 (which have been consolidated) pursuant to 20 U.S.C. § 1415; together with postjudgment interest thereupon;

(3) Award to the Plaintiff costs, expenses and attorneys' fees for the administrative proceeding in case number 243824 pursuant to 20 U.S.C. § 1415; together with postjudgment interest thereupon;

(4) Award to the Plaintiff the costs, expenses and attorneys' fees for this action pursuant to 20 U.S.C. § 1415; together with postjudgment interest thereupon;

(5) Ordered the Defendant to provide the Plaintiff with a copy of the May 2, 2023 AT evaluation, or in the alternative, order the Defendant to fund an independent AT evaluation by an evaluator of the Plainitiff's choosing at their normal and customary rate;

(6) Grant such other and further relief as the Court deems just and proper.

Dated: Auburn, New York
May 26, 2023

Respectfully submitted,

CUDDY LAW FIRM, PLLC
Francesca Antorino, Esq.
*Attorneys for Plaintiffs*
5693 South Street Road
Auburn, New York 13021
(315) 370-4020