UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
K.K. and D.K., individually and on behalf of M.K.,
a child with a disability,

<div style="margin-left:auto">Plaintiffs,</div>

23-CV-4430 (JMF) (VF)

-against-

**AMENDED REPORT AND
RECOMMENDATION**

NEW YORK CITY DEPARTMENT OF EDUCATION,
<div style="margin-left:auto">Defendant.</div>
-----------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge**

**TO: THE HONORABLE JESSE M. FURMAN, United States District Judge.**

Plaintiffs K.K. and D.K., on behalf of themselves and their minor child, M.K., a child

with a disability, commenced this lawsuit against the New York City Department of Education

("DOE"). Plaintiffs seek attorneys' fees under the fee-shifting provision of the Individuals with

Disabilities Education Act (the "IDEA"), 20 U.S.C. § 1415(i)(3), after a successful outcome in

the underlying administrative proceedings brought to enforce M.K.'s right to a free and

appropriate public education ("FAPE"). Plaintiffs filed this motion requesting $111,866.16 in

attorneys' fees and costs. The DOE opposes the motion, arguing that both the requested hourly

rates and the number of hours expended are excessive and unreasonable. For the reasons set forth

below, I respectfully recommend that Plaintiffs' motion be **GRANTED** in part and **DENIED** in

part and that Plaintiffs be awarded attorneys' fees in the amount of $52,975.26 and costs in the

amount of $505.86, for a total award of $53,481.12.[1]

---

[1] This Amended Report and Recommendation amends the prior Report and
Recommendation, ECF No. 53, in response to a letter submitted by Defendant's counsel on
August 9, 2024, see ECF No. 54, informing the Court of certain mathematical errors in the
calculation of fees. Such an amendment is permitted pursuant to Federal Rule of Civil Procedure
60(a), which allows the Court to, by motion or on its own, "correct a clerical mistake or a
mistake arising from oversight or omission whenever one is found in a judgment, order, or other

## FACTUAL BACKGROUND

Plaintiffs K.K. and D.K. are the parents of Plaintiff M.K., a child with a learning disability, as defined by the IDEA, 20 U.S.C. § 1401(3)(A). See ECF No. 1 ¶¶ 3-4, 9. On March 23, 2021, Plaintiffs filed their first Due Process Complaint (Case Number 207452), alleging that M.K. was not provided a FAPE for the 2020-2021 school year and requesting a due process hearing pursuant to 20 U.S.C. § 1415(f)(1). See id. ¶¶ 10-12. The Due Process Complaint requested that the DOE (1) find that M.K. was not provided a FAPE during the 2020-2021 school year; (2) fund tuition to Staten Island Academy for the 2020-2021 school year; (3) reimburse transportation expenses for M.K. to and from school; (4) conduct a speech-language and occupational therapy evaluation within thirty days of the order;[2] and (5) convene a meeting of the Committee on Special Education to review the new evaluations. Id. ¶ 13.

On December 14, 2021, Plaintiffs submitted a subsequent Due Process Complaint (Case Number 222763), requesting a due process hearing for the 2021-2022 school year. Id. ¶¶ 15-16. This Due Process Complaint requested that the DOE (1) find that M.K. was not provided a FAPE during the 2021-2022 school year; (2) fund tuition to Staten Island Academy for the 2021-2022 school year; (3) reimburse transportation expenses for M.K. to and from school; (4) fund an independent neuropsychological evaluation by Dr. Amy Racanello for a fee of $6,875; and (5) convene a meeting of the Committee on Special Education to review the new evaluations. Id. ¶ 17. On January 4, 2022, Impartial Hearing Officer ("IHO") Audrey Daniel issued an order consolidating the two cases (the "Consolidated Cases"). Id. ¶ 18-20.

---

part of the record." Fed. R. Civ P. 60(a). Where there has been a substantive correction to the Report and Recommendation, the correction is noted and explained in a footnote herein.

[2] Plaintiffs also requested that the DOE conduct a psychoeducational evaluation, but Plaintiffs withdrew this request at the March 4, 2022 hearing. M.K.'s parents subsequently pursued an independent neuropsychological evaluation. See ECF No. 1 ¶¶ 17, 25.

IHO Daniel scheduled a hearing for March 4, 2022, for the DOE to present its case, and another hearing for March 11, 2022, for Plaintiffs to present their case. Id. ¶ 22. The DOE failed to appear for its March 4 hearing. Id. ¶ 23. Both parties appeared for the hearing on March 11, 2022. Id. ¶ 26. At that hearing, Plaintiffs presented an opening statement, entered 43 exhibits, presented three witnesses, and submitted a written closing brief. Id. ¶¶ 26, 29-31. The DOE did not offer any exhibits or present any witnesses; the DOE cross-examined all three of Plaintiffs' witnesses. Id. ¶¶ 27-28, 30.

On April 20, 2022, IHO Daniel issued a decision, concluding that the DOE had denied M.K. a FAPE for the 2020-2021 and 2021-2022 school years. Id. ¶ 32. IHO Daniel ordered the DOE to reimburse Plaintiffs for tuition and transportation expenses for both school years, to fund a neuropsychological evaluation, conduct a speech-language and occupational therapy evaluation within 14 days of the order, and convene a meeting of the Committee on Special Education within 14 days of receipt of the evaluations. Id. Neither party appealed IHO Daniel's decision, but Plaintiffs allege that the DOE did not timely implement the IHO's order. See ECF No. 23 ¶¶ 43, 45-49. Plaintiffs' attorneys, the Cuddy Law Firm, "repeatedly" followed up with the DOE to seek enforcement of the IHO's decision. See id. ¶¶ 44-49.

On December 15, 2022, Plaintiffs filed a third Due Process Complaint, relating to the 2022-2023 school year (Case Number 243824). ECF No. 1 ¶¶ 36, 38. Plaintiffs sought the following: (1) a finding that the DOE denied M.K. a FAPE for the 2022-2023 school year; (2) a finding that Staten Island Academy is an appropriate placement for M.K.; (3) reimbursement or direct payment of tuition; and (4) for the DOE to conduct a classroom observation, social history report, and an assistive technology evaluation within 15 days of the order. See id. ¶ 37.

The matter was assigned to IHO Patricia Pena through the Office of Administrative Trials and Hearings ("OATH"). Id. ¶ 40. The DOE failed to hold the mandated resolution session. Id. ¶ 39. The parties appeared for a settlement and pre-hearing conference through OATH on February 10, 2023. Id. ¶¶ 41-42. The parties did not settle and the DOE failed to acknowledge its statutory pendency obligation pursuant to IDEA § 1415(j) and Part 200.5(m) prompting a pendency hearing on February 28, 2023. Id. ¶¶ 43-44. At that hearing, Plaintiffs entered two exhibits into the record. Id. ¶ 47. That same day, IHO Pena issued a decision finding that M.K. was "entitled to pendency at Staten Island Academy at public expense during the pendency of the proceeding." Id. ¶ 48.

IHO Pena held a hearing on the merits on March 17, 2023, where Pena entered two exhibits into the record, Plaintiffs entered 34 exhibits into the record, and the DOE entered 10 exhibits into the record. Id. ¶¶ 49-52. Both parties made opening statements, Plaintiffs presented three witnesses via affidavit and made each witness available for live cross examination, the DOE cross examined two of those witnesses, and both parties made closing statements.[3] Id. ¶¶ 53, 57-59. On March 30, 2023, IHO Pena issued a decision, ordering the DOE to reimburse Plaintiffs for tuition and transportation for the 2022-2023 school year and for the DOE to conduct an assistive technology evaluation. Id. ¶¶ 60-61.

On April 7, 2023, Plaintiffs, through the Cuddy Law Firm, submitted a demand for attorneys' fees to the DOE, for both the Consolidated Cases and for Case 243824. Id. ¶¶ 33, 64. The DOE did not provide substantive responses to either demand for fees and costs. Id. ¶¶ 34-35,

---

[3] The DOE did not present any witnesses and requested an adjournment due to the unavailability of the witnesses. ECF No. 1 ¶¶ 54-55. IHO Pena denied the request for an adjournment. Id. ¶ 56.

65-66. Plaintiffs thus commenced this action to resolve their claim for attorneys' fees and costs. See ECF No. 28.

## PROCEDURAL HISTORY

On May 26, 2023, Plaintiffs commenced this federal action pursuant to the fee-shifting provisions of the IDEA. See ECF No. 1 ¶ 1. Plaintiffs seek an award of "prevailing party" fees, costs, and interest under the IDEA. See ECF No. 28 at 4. On May 30, 2023, the Honorable Jesse M. Furman referred the case to the undersigned for general pretrial supervision and for dispositive motions requiring a Report and Recommendation. See ECF No. 6.

The Cuddy Law Firm provided the DOE with invoices for Plaintiffs' attorneys' fees on June 8, 2023. ECF No. 25 ¶ 5. The DOE made an initial settlement offer of an undisclosed amount on August 31, 2023, which Plaintiffs countered on September 1, 2023. Id. ¶¶ 7-8. The DOE made a second settlement offer of $55,500 on September 15, 2023, which Plaintiffs rejected on September 19, 2023. Id. ¶¶ 9-10; ECF No. 35 at 5. To date, Plaintiffs and the DOE have been unable to reach a settlement. ECF No. 28 at 5.

On October 14, 2023, Plaintiffs filed the instant motion for attorneys' fees and costs, seeking an award of $111,866.16. Id. at 1-2; ECF No. 36 at 1. In support of their motion, Plaintiffs submitted a memorandum of law and several affirmations and declarations from Plaintiffs and their attorneys from the Cuddy Law Firm.[4] See ECF Nos. 21-28. The DOE filed its

---

[4] Plaintiffs submitted the following documents: Affirmation of Barbara J. Ebenstein, ECF No. 21; Affirmation of Matthew J. Delfore, ECF No. 22; Declaration of Michael J. Cuddy Jr., ECF No. 23; Declaration of Benjamin M. Kopp, ECF No. 24; Declaration of Francesca T. Antorino, ECF No. 25; Declaration of Andrew K. Cuddy, ECF No. 26; Declaration of Kevin M. Mendillo, ECF No. 27; and a Memorandum of Law in Support of the Motion for Attorneys' Fees, ECF No. 28.

opposition papers on November 13, 2023.[5] See ECF Nos. 30-35. Plaintiffs filed their reply

papers in further support of the motion on November 22, 2023.[6] See ECF Nos. 36-39. On

November 29, 2023, the DOE requested permission to file a sur-reply, which was granted on

December 1, 2023. See ECF Nos. 40-41. The DOE filed its sur-reply on December 11, 2023.[7]

See ECF No. 42.

The Cuddy Law Firm now seeks an award of $111,866.16 in attorneys' fees and costs,

allocated as follows: $64,317.32 for the Consolidated Cases, $27,504.34 for Case 243824, and

$20,044.50 for the instant federal action.[8] See ECF No. 39 at 4-5. The Cuddy Law Firm also

seeks post-judgment interest. See ECF No. 28 at 2. The chart below illustrates Plaintiffs' request

for fees, showing the hourly rates requested and the hours expended for each of the

administrative proceedings and the instant action.[9]

---

[5] The DOE submitted the following opposition documents: Declaration of Michael
Lawrence, ECF No. 30; Declaration of Emily Goldman, ECF No. 31; Declaration of Lauren
Howland, ECF No. 32; Declaration of Marina Moraru, ECF No. 33; Declaration of Martha
Nimmer, ECF No. 34; and a Memorandum of Law in Opposition, ECF No. 35.

[6] Plaintiffs submitted the following reply documents: Reply Memorandum of Law, ECF
No. 36; Declaration of Michael J. Cuddy, Jr., ECF No. 37; Declaration of Erin E. Murray, ECF
No. 38; and Declaration of Andrew K. Cuddy, ECF No. 39.

[7] The DOE also submitted a Reply Affirmation of Martha Nimmer.

[8] In Andrew Cuddy's initial declaration, these figures were: $69,487.50 for the
Consolidated Cases, $27,497.50 for Case 243824, and $15,802.50 for the instant federal action.
See ECF No. 26 at 19-20.

[9] The Cuddy Law Firm states that it already made discretionary reductions of $5,042.50
(for 16.8 hours) for time that it considered duplicative or otherwise not compensable. See ECF
No. 39 ¶ 22; ECF No. 39-1 at 1.

| CONSOLIDATED CASES | | | |
|---|---|---|---|
| | Rate | Hours | Total Requested |
| Andrew Cuddy (Attorney) | $550.00 | 6.10 | $3,355.00 |
| Andrew Cuddy (Attorney) (2023 Rate) | $600.00 | 0.20 | $120.00 |
| Erin Murray (Attorney) | $375.00 | 22.30 | $8,362.50 |
| Kevin Mendillo (Attorney) | $450.00 | 0.20 | $90.00 |
| Justin Coretti (Attorney) | $425.00 | 0.20 | $85.00 |
| Michael Cuddy (Attorney) | $550.00 | 84.70 | $46,585.00 |
| Cailin O'Donnell (Paralegal) | $225.00 | 9.30 | $2,092.50 |
| ChinaAnn Reeve (Paralegal) | $225.00 | 9.90 | $2,227.50 |
| Shobna Cuddy (Paralegal) | $225.00 | 5.00 | $1,125.00 |
| **Total** | | **137.90** | **$64,042.50** |

| ADMINISTRATIVE CASE 243824 | | | |
|---|---|---|---|
| | Rate | Hours | Total Requested |
| Andrew Cuddy (Attorney) | $550.00 | 0.70 | $385.00 |
| Andrew Cuddy (Attorney) (2023 Rate) | $600.00 | 1.00 | $600.00 |
| Erin Murray (Attorney) | $375.00 | 15.90 | $5,962.50 |
| Kevin Mendillo (Attorney) (2023 Rate) | $500.00 | 29.40 | $14,700.00 |
| John Cuddy (Attorney) | $375.00 | 4.50 | $1,687.50 |
| Cailin O'Donnell (Paralegal) | $225.00 | 1.80 | $405.00 |
| ChinaAnn Reeve (Paralegal) | $225.00 | 14.50 | $3,262.50 |
| Shobna Cuddy (Paralegal) | $225.00 | 2.20 | $495.00 |
| **Total** | | **70.00** | **$27,497.50** |

| FEDERAL ACTION | | | |
|---|---|---|---|
| | Rate | Hours | Total Requested |
| Andrew Cuddy (Attorney) | $600.00 | 5.50 | $3,300.00 |
| Erin Murray (Attorney) | $400.00 | 0.60 | $240.00 |
| Francesca Antorino (Attorney) | $425.00 | 31.80 | $13,515.00 |
| Kevin Mendillo (Attorney) | $500.00 | 1.80 | $900.00 |
| Michael Cuddy (Attorney) | $600.00 | 0.60 | $360.00 |
| Cailin O'Donnell (Paralegal) | $225.00 | 1.30 | $292.50 |
| ChinaAnn Reeve (Paralegal) | $225.00 | 0.40 | $90.00 |
| David Coyle (Paralegal) | $225.00 | 0.60 | $135.00 |
| Francesca Antorino (Paralegal) | $225.00 | 1.60 | $360.00 |
| Shobna Cuddy (Paralegal) | $225.00 | 2.00 | $450.00 |
| **Total** | | **46.20** | **$19,642.50** |

Plaintiffs also seek reimbursement for costs amounting to $683.66, as outlined below. See ECF No. 39 at 4-5.

| COSTS | | |
|---|---|---|
| Consolidated Cases | Print Cost | $254.00 |
| | Postage | $20.82 |
| Case 243824 | Postage | $6.84 |
| Federal Action | Filing Fee | $402.00 |
| Total | | $683.66 |

## LEGAL STANDARD

"The IDEA grants district courts the discretion to award reasonable attorneys' fees and costs to a 'prevailing party.'" R.G. v. N.Y.C. Dep't of Educ., No. 18-CV-6851 (VEC), 2019 WL 4735050, at *1 (S.D.N.Y. Sept. 26, 2019) (quoting 20 U.S.C. § 1415(i)(3)(B)(i)). A plaintiff "prevails when actual relief on the merits of [her] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." K.L. v. Warwick Valley Cent. Sch. Dist., 584 F. App'x 17, 18 (2d Cir. 2014) (internal quotation marks and citation omitted). Attorneys' fees may be awarded for representation in connection with administrative hearings before an IHO, appeals to the state review officer, or appeals to federal court. See G.M. ex rel. R.F. v. New Britain Bd. of Educ., 173 F.3d 77, 84 (2d Cir. 1999); A.R. ex rel. R.V. v. N.Y.C. Dep't of Educ., 407 F.3d 65, 75, 83 (2d Cir. 2005).

"Reasonable attorneys' fees under the IDEA are calculated using the lodestar method, whereby an attorney fee award is derived by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." Streck v. Bd. of Educ., 408 F. App'x 411, 415-16 (2d Cir. 2010) (internal quotation marks and citation omitted). In determining whether an hourly rate is reasonable, courts primarily consider the prevailing market rates in the community for comparable legal services. See 20 U.S.C. § 1415(i)(3)(C) (providing that

8

attorneys' fees "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished"). The prevailing market rate has been characterized as "the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Ortiz v. City of N.Y., 843 F. App'x 355, 359 (2d Cir. 2021) (quotation omitted, alteration in original). "The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

Courts also have discretion to reduce attorneys' fees awards under the IDEA if:

> (i) the parents or attorney protracted the resolution, (ii) the amount exceeds the hourly rate prevailing in the community where the action arose for similar services by a [comparable] attorney, (iii) the time spent is excessive for the nature of the action, or (iv) parents' attorney did not provide proper notice in the complaint.

T.A. v. N.Y.C. Dep't of Educ., No. 21-CV-7104 (GHW), 2022 WL 3577885, at *3 (S.D.N.Y. Aug. 19, 2022) (quoting 20 U.S.C. § 1415 (i)(3)(F)). In addition, "[a] district court should reduce the number of hours included in the fee calculation if the claimed time is 'excessive, redundant, or otherwise unnecessary.'" Luessenhop v. Clinton Cnty., 324 F. App'x 125, 126-27 (2d Cir. 2009) (quoting Hensley, 461 U.S. at 434).

The Second Circuit has observed that "recycling rates awarded in prior cases without considering whether they continue to prevail may create disparity between compensation available under [the applicable statute] and compensation available in the marketplace," which would "undermine [the statute's] central purpose of attracting competent counsel to public interest litigation." Farbotko v. Clinton Cnty., 433 F.3d 204, 209 (2d Cir. 2005). Accordingly,

while a court may consider rates awarded in prior similar cases and its "own familiarity with the rates prevailing in the district," it should also evaluate the "evidence proffered by the parties." Id.

## DISCUSSION

Plaintiffs were the prevailing party in the underlying administrative actions, as M.K. was awarded the relief sought in all three Due Process Complaints brought on his behalf by his parents.[10] See ECF No. 23 ¶ 43; ECF No. 1 ¶¶ 60-61. Plaintiffs are therefore entitled to an award of attorneys' fees and costs. See 20 U.S.C. § 1415(i)(3)(B).

A. Hourly Rates

When determining a reasonable hourly rate for an attorney or paralegal, courts consider both the prevailing market rates for such legal services as well as the case-specific factors articulated in Johnson v. Georgia Highway Express Inc., 488 F.2d 714, 717-20 (5th Cir. 1974). See Arbor Hill Concerned Citizens Neighborhood Ass'n v. City of Albany, 522 F.3d 182, 190 (2d Cir. 2008). The Johnson Factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Lilly v. City of N.Y., 934 F.3d 222, 228 (2d Cir. 2019). Because "the determination of fees should not result in a second major litigation," Fox v. Vice, 563 U.S. 826, 838 (2011) (citation

---

[10] To be considered a prevailing party under the IDEA, a plaintiff must achieve a judicially sanctioned material alteration of the legal relationship of the parties, see O'Shea v. Bd. of Educ. of Poughkeepsie City Sch. Dist., 521 F. Supp. 2d 284, 289 (S.D.N.Y. 2007), which occurred here.

omitted), courts may consider the Johnson factors holistically, rather than applying each factor individually to the facts of the case. See Green v. City of N.Y., No. 05-CV-429 (SLT) (ETB), 2010 WL 148128, at *10 (E.D.N.Y. Jan. 14, 2010) (citation omitted). The trial court's goal should be "to do rough justice, not to achieve auditing perfection." Fox, 563 U.S. at 838; see also Lochren v. County of Suffolk, 344 F. App'x 706, 709 (2d Cir. 2009) ("Arbor Hill did not hold that district courts must recite and make separate findings as to all twelve Johnson factors.").

As an initial matter, the relevant community for determining the Cuddy Law Firm's fees is the Southern District of New York. An "out-of-district attorney may be entitled to receive a higher rate when practicing in [the Southern District] than the rate (sic) he or she ordinarily receives in the community in which he or she usually practices." K.F. v. N.Y.C. Dep't of Educ., No. 10-CV-5465 (PKC), 2011 WL 3586142, at *2 (S.D.N.Y. Aug. 10, 2011). While the DOE argues that the fees should be determined based on the typical hourly rates awarded in the Northern District of New York, where the Cuddy Law Firm has an office, see ECF No. 35 at 6 n.7, this argument is unavailing because "normally a district court, awarding attorney's fees under [a fee-shifting statute], will consider the prevailing rates in the district in which the court sits." Polk v. N.Y. State Dep't of Corr. Servs., 722 F.2d 23, 25 (2d Cir. 1983) (citation omitted); see also K.F., 2011 WL 3586142, at *2 (applying the rates common in the Southern District of New York); C.D. v. Minisink Valley Cent. Sch. Dist., No. 17-CV-7632 (PAE), 2018 WL 3769972, at *6 (S.D.N.Y. Aug. 9, 2018) (same).

Here, the Cuddy Law Firm seeks an award of hourly rates far above those previously awarded to their attorneys and paralegals in this District. Because the Cuddy Law Firm has repeatedly litigated motions for attorneys' fees, there exists a "plethora of cases concerning the appropriate rates for" attorneys at that firm. S.C. v. N.Y.C. Dep't of Educ., No. 23-CV-1266

(LGS) (JLC), 2024 WL 1447331, at *4 (S.D.N.Y. Apr. 2, 2024), report and recommendation adopted by 2024 WL 3518522 (S.D.N.Y. July 24, 2024). Moreover, and as discussed below, Plaintiffs have not pointed to anything specific to the litigation here or the underlying administrative proceedings that justifies awarding hourly rates above those previously approved by courts in this District for the Cuddy Law Firm.

Indeed, an analysis of the Johnson factors does not support a departure from the rates this District has previously deemed reasonable for these attorneys and paralegals. While there were two administrative hearings across the three underlying Due Process Complaints, the complaints did not raise "novel or difficult" issues, and the proceedings were "fairly straightforward administrative matter[s]." Y.S. v. N.Y.C. Dep't of Educ., No. 21-CV-2159 (RA), 2022 WL 4096071, at *3 (S.D.N.Y. Sept. 6, 2022). These types of administrative proceedings, seeking tuition reimbursement and school placement, are at the core of the type of work routinely performed by attorneys at the Cuddy Law Firm. See V.W. v. N.Y.C. Dep't of Educ., No. 21-CV-6495 (PGG) (KHP), 2023 WL 2609358, at *8 (S.D.N.Y. Mar. 23, 2023) (stating that Cuddy Law Firm frequently litigates IDEA cases). Additionally, this matter was not seriously contested by the DOE, as the DOE did not present any witnesses in any of the administrative proceedings and only presented 13 exhibits throughout these "simple administrative proceedings." See ECF No. 35 at 9; ECF No. 30 ¶¶ 12-14, 26-27; ECF No. 1 ¶¶ 27-28, 30, 54-56.

Nothing Plaintiffs point to warrants a deviation from the rates routinely awarded in this District to the Cuddy Law Firm. Plaintiffs present affirmations from other IDEA practitioners, see ECF Nos. 21-22, which courts have previously discounted as difficult to verify and self-serving. See e.g., C.B. v. N.Y.C. Dep't of Educ., No. 18-CV-7337 (CM), 2019 WL 3162177, at *5 (S.D.N.Y. July 2, 2019) (explaining that district courts have "decided not to rely too heavily

[on such] affidavits, since they . . . may leave out context that rationalizes the rates billed, and may even list rates that are not in practice ever paid by reasonable, paying clients") (internal quotations omitted). Those affidavits are also not specific or in any way tied to this action or the underlying administrative cases. The Cuddy Law Firm also cites to a number of general surveys concerning attorney rates in New York City and in other regions of the country. See ECF No. 26, Exs. C-H. But as Plaintiffs themselves admit, these reports have virtually no data on practitioners in the field of education law, and therefore provide little useful information beyond the self-evident fact that more experienced attorneys command higher rates. See ECF No. 26 ¶ 5 n.4. The Cuddy Law Firm also provides a chart of inflation-adjusted IDEA fee awards beginning in 1998 and sorted by years of experience. See ECF No. 26, Ex. I. But the most significant insight gleaned from that chart is that litigation over IDEA fees has become more frequent and fee awards have become more consistent. See id. The Cuddy Law Firm's documentation regarding previous DOE fee agreements, see ECF No. 26, Ex. M, is similarly unpersuasive, as these fee agreements provide no context about the complexity of the underlying litigation here.[11]

In assessing the reasonableness of the hourly rates requested here, the Court must "step[ ] into the shoes of the reasonable, paying client, who wishes to pay the *least amount necessary to litigate the case effectively.*" O.R. v. N.Y.C. Dep't of Educ., 340 F. Supp. 3d 357, 364 (S.D.N.Y. 2018) (quoting Arbor Hill, 522 F. 3d at 184). While plaintiffs' counsel affirm that they charge

_____

[11] In support of its fee request, the Cuddy Law Firm also asked artificial intelligence system ChatGPT-4 about proper rates in IDEA fee cases. See ECF No. 24 ¶ 3. ChatGPT, with careful prompting by the Cuddy Law Firm, managed to produce 14 pages of answers containing no probative information about the appropriateness of the hourly rates requested by the attorneys in this case. See ECF No. 24-1. In any event, this Court has already sharply criticized the Cuddy Law Firm on multiple occasions for its use of ChatGPT to support its fee applications. See S.C., 2024 WL 1447331, at *5 ("It suffices to say that the Cuddy Law Firm's invocation of ChatGPT as support for its aggressive fee bid is utterly and unusually unpersuasive.") (citing J.G. v. N.Y.C. Dep't of Educ., No. 23-CV-959 (PAE), 2024 WL 728626, at *7 (S.D.N.Y. Feb. 22, 2024)).

and receive the high hourly rates they request in this instance, see ECF No. 26 ¶¶ 16-26; ECF

No. 26-10 ¶ 21, "whether the attorneys on this case properly command the rates they seek in the

marketplace is not dispositive of the rate they are to be awarded." O.R., 340 F. Supp. 3d at 364.

Given these considerations, recent rates awarded in this District to the attorneys and other

professionals from the Cuddy Law Firm in similarly straightforward IDEA cases, where the only

dispute concerns an award of fees, illuminate the appropriate rates that should be awarded to

each individual in this case.

Andrew Cuddy, a senior attorney, requests a rate of $550 for his work prior to 2023 and a

rate of $600 for his work in 2023. See ECF No. 26 at 19-20. Andrew Cuddy was admitted to

practice in New York in 1996 and has focused on litigating special education due process

hearings since 2001. See id. ¶ 16. He also serves as the president and managing attorney of the

Cuddy Law Firm. Id. Andrew Cuddy "regularly oversee[s] the work of attorneys and support

staff on IDEA cases at the administrative, district court, and circuit court levels." Id. The

requested rate here is above the rate Andrew Cuddy typically receives in this District. Courts in

this District have recently approved hourly rates for senior attorneys at the Cuddy Law Firm,

including Andrew Cuddy, ranging from $400 to $425 per hour. See D.S. v. N.Y.C. Dep't of

Educ., No. 22-CV-10641 (GHW) (RFT), 2024 WL 2159785, at *7 (S.D.N.Y. Apr. 29, 2024),

report & recommendation adopted, 2024 WL 2158583 (S.D.N.Y. May 14, 2024) (awarding A.

Cuddy $400 per hour); S.C., 2024 WL 1447331, at *4-5 (assigning a rate of $425 to A. Cuddy);

V.W., 2023 WL 2609358, at *12 (same); M.D. v. New York City Dep't of Educ., No. 21-CV-

9180 (LGS) (KHP), 2023 WL 2557408, at *4-6 (S.D.N.Y. Mar. 17, 2023) (same); S.B. v. N.Y.C.

Dep't of Educ., No. 23-CV-3961 (PAE), 2024 WL 1406559, at *6 (S.D.N.Y. Apr. 2, 2024)

(awarding A. Cuddy a rate of $400 per hour); C.D., 2018 WL 3769972, at *6 (reducing A.

Cuddy's requested fee from $450 to $400 per hour); C.B., 2019 WL 3162177 at *6-8 (finding A. Cuddy's requested fee of $475 excessive and reducing to $400 per hour). "The instant litigation is of a piece with the cases cited above, and an analysis of the Johnson factors does not justify a departure from those assessed rates." S.C., 2024 WL 1447331, at *4. "While the administrative process was spread among [three] sessions, the underlying case[s] [were] not 'novel or difficult,' and the proceeding was 'a fairly straightforward administrative matter.'" Id. (quoting Y.S., 2022 WL 4096071, at *4). I thus recommend that Andrew Cuddy be awarded an hourly rate of $425, for all work performed regardless of when it was completed.

Michael Cuddy, a senior attorney, requests an hourly rate of $550 for his work on the Consolidated Cases and an hourly rate of $600 for his work on the instant action. See ECF No. 26 at 19-20. Michael Cuddy was admitted to practice in New York in 1989 and has represented New York parents in "hundreds of IDEA cases since 2009." Id. ¶ 17. Michael Cuddy's rate should be reduced to $400, which is consistent with the hourly rate he has been awarded recently in other similar actions. See J.G., 2024 WL 728626, at *8 (awarding Michael Cuddy a rate of $400 per hour in a matter spanning two administrative proceedings); S.H., 2022 WL 254070, at *6 (assigning Michael Cuddy a rate of $400 per hour); H.C. v. N.Y.C. Dep't of Educ., No. 20-CV-00844 (JLC), 2021 WL 2471195, at *6 (S.D.N.Y. June 17, 2021) (awarding Michael Cuddy a rate of $360 per hour). I thus recommend a rate of $400 for Michael Cuddy, for all work performed irrespective of when it was completed.

Kevin Mendillo and Justin Coretti, senior associates at the Cuddy Law Firm, request rates of $450 and $425, respectively. See ECF No. 26 at 19-20. Mendillo graduated law school in 2010 and was admitted to practice law in New York in 2011, joined the Cuddy Law Firm in 2014, and has litigated special education matters for nearly a decade. See id. ¶ 20. Coretti was

admitted to practice law in New York in 2013 and joined the Cuddy Law Firm in 2016. See id.
¶ 23. Given their experience, the relatively straightforward nature of these actions, and recent
awards in this District, both Mendillo and Coretti should be awarded a rate of $325. See S.C.,
2024 WL 1447331, at *4-5 (assigning a rate of $325 to Kevin Mendillo and Justin Coretti);
V.W., 2023 WL 2609358, at *12 (same); M.D., 2023 WL 2557408, at *4-6 (same). I thus
recommend Kevin Mendillo and Justin Coretti each be awarded a rate of $325.

Francesca Antorino, Erin Murray, and John Cuddy, all junior associates at the Cuddy
Law Firm, each seek a rate of $375. See ECF No. 26 at 19-20. Francesca Antorino was admitted
to practice law in New York in 2019. Id. ¶ 21. Erin Murray was admitted to practice law in New
York in 2020. Id. ¶ 19. John Cuddy was admitted to practice in New York in 2021. Id. ¶ 22.
Their requested hourly rate of $375 should be reduced to $200 in keeping with recent awards in
similar cases. See S.C., 2024 WL 1447331, at *4 (assigning a rate of $200 per hour to F.
Antorino for her work on the administrative proceedings and $200 per hour to E. Murray); J.G.,
2024 WL 728626, at *8-9 (reducing E. Murray's hourly rate to $250 where she served as the
lead attorney and awarding F. Antorino an hourly rate of $300); Y.S., 2022 WL 4096071, at *3
(reducing E. Murray's rate to $200 per hour); M.M. v. N.Y.C. Dep't of Educ., No. 20-CV-6915
(ER), 2022 WL 3043218, at *9 (S.D.N.Y. Aug. 2, 2022) ($200 to John F. Cuddy, where no
significant evidence was introduced regarding his qualifications or experience); Z.H. v. N.YC.
Dep't of Educ., No. 23-CV-3081 (ER), 2024 WL 3385690, at *9 (S.D.N.Y. July 12, 2012)
(awarding John Cuddy a rate of $225 per hour).

The paralegals, Cailin O'Donnell, ChinaAnn Reeve, Shobna Cuddy, and David Coyle, all
request a rate of $225. See ECF No. 26 at 19-20. Cailin O'Donnell holds a bachelor's degree and
joined the Cuddy Law Firm in 2019. ChinaAnn Reeve holds a bachelor's degree and joined the

Cuddy Law Firm in 2021. Shobna Cuddy is a senior paralegal and firm-wide office administrator who has worked at the Cuddy Law Firm since 2007. Id. ¶¶ 24-26. No biographical information was provided for David Coyle. As to O'Donnell, Reeve, and Shobna Cuddy, I recommend awarding an hourly rate of $125, which aligns with the rates those individuals have been recently awarded by courts in this District. See T.P. v. N.Y.C. Dep't of Educ., No. 22-CV-9413 (PAE), 2024 WL 986587, at *8 (S.D.N.Y. Mar. 7, 2024) ("Given the relative experience of Cuddy, O'Donnell, and Reeve, the Court finds a rate of $125 per hour appropriate for their work."); S.B., 2024 WL 1406559, at *8 ("The Court finds a rate of $125 per hour appropriate for [Shobna] Cuddy, O'Donnell, and Reeve's work."); S.C., 2024 WL 1447331, at *4-5 (assigning Shobna Cuddy a rate of $125 for her paralegal services); S.H., 2022 WL 254070, at *6 (same); V.W., 2023 WL 2609358, at *12 (assigning paralegals from the Cuddy Law Firm an hourly rate of $125). As for David Coyle, I recommend awarding him an hourly rate of $100, in part because of the lack of information provided about his experience and qualifications. See Y.S., 2022 WL 4096071, at *3 (awarding junior paralegals a rate of $100 per hour); F.N. v. N.Y.C. Dep't of Educ., No. 21-CV-3379 (JPO), 2022 WL 3544128, at *3-4 (S.D.N.Y. Aug. 18, 2022) (same). As was true with the hourly rates requested for the attorneys involved in this matter, Plaintiffs have not made any showing as to why these paralegals merit rates above those prevailing in this District. Cf. S.B., 2024 WL 1406559, at *8 (noting that an IDEA case does not "present[ ] the difficulties paralegals might face in complex commercial cases that go to trial," which have justified awards of hourly rates above the customary $100 to $125 range).

In sum, I recommend an award of the following hourly rates, which are consistent with the prevailing rates in this District and are also warranted by a review of the Johnson factors: $425 per hour for Andrew Cuddy; $400 per hour for Michael Cuddy; $325 per hour for Kevin

Mendillo and Justin Coretti; $200 per hour for Erin Murray, Francesca Antorino, and John Cuddy; $125 per hour for paralegals Shobna Cuddy, Cailin O'Donnell, and ChinaAnn Reeve; and $100 per hour for paralegal David Coyle.

B. <u>Hours Expended</u>

A fee award should compensate only for those hours that were "reasonably expended" by the attorneys and paralegals on the case. <u>See, e.g.</u>, <u>McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund</u>, 450 F.3d 91, 96 (2d Cir. 2006). "In determining the number of hours reasonably expended for purposes of calculating the lodestar, the district court should exclude excessive, redundant or otherwise unnecessary hours." <u>Quaratino v. Tiffany & Co.</u>, 166 F.3d 422, 425 (2d Cir. 1999) (citation omitted). Whether a case was "particularly complicated" or involved any "significant" legal issues may be considered in determining the reasonable number of hours a case requires. <u>See, e.g.</u>, <u>Millea v. Metro-North R. Co.</u>, 658 F.3d 154, 167 (2d Cir. 2011). District courts have "ample discretion" in assessing the "amount of work that was necessary to achieve the results in a particular case." <u>K.L. v. Warwick Valley Cent. Sch. Dist.</u>, No. 12-CV-6313 (DLC), 2013 WL 4766339, at *10 (S.D.N.Y. Sept. 5, 2013) (quoting <u>Ortiz v. Regan</u>, 980 F.2d 138, 141 (2d Cir. 1992)).

Ultimately, "'trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection.'" <u>C.B.</u>, 2019 WL 3162177, at *5 (quoting <u>Fox</u>, 563 U.S. at 838). To calibrate an appropriate award, "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award" by a reasonable percentage. <u>Hensley</u>, 461 U.S. at 436-37; <u>see also</u> <u>McDonald</u>, 450 F.3d at 96 ("A district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application.") (internal

quotation marks and citation omitted); <u>M.D.</u>, 2023 WL 2557408, at *3, 6 (same); <u>K.E. v. N.Y.C.</u>

<u>Dep't of Educ.</u>, No. 21-CV-2815 (KPF), 2022 WL 4448655, at *7, 14 (S.D.N.Y. Sept. 23, 2022).

In 2024 alone, courts in this District repeatedly have reduced the hours billed by the Cuddy Law

Firm. <u>See</u> <u>D.S.</u>, 2024 WL 2159785, at *10-11 (recommending across-the-board 20% reduction to

hours billed for administrative and federal proceedings among other specifically-identified

reductions); <u>Y.S. v. N.Y.C. Dep't of Educ.</u>, No. 21-CV-10963 (AS), 2024 WL 1759218, at *2

(S.D.N.Y. Apr. 24, 2024) (reducing hours billed in administrative proceeding by 10% and

federal proceeding by 30%); <u>S.C.</u>, 2024 WL 1447331, at *7-8 (recommending 20% reduction in

requested hours for administrative proceedings and 25% for federal case since "CLF has once

again excessively billed for boilerplate and/or recycled pleadings").

    *i.*   *Administrative Actions*

Plaintiffs seek $91,540 in fees for 207.90 hours of attorney and paralegal time spent on

all of the administrative proceedings. <u>See</u> ECF No. 39 at 4-5. The DOE argues that the hours

billed for the administrative proceedings should be reduced by 50% because the Cuddy Law

Firm billed excessively for administrative tasks and for the drafting of the Due Process

Complaints. <u>See</u> ECF No. 35 at 22-23.

The billing records confirm that the Cuddy Law Firm overbilled for certain tasks. For

example, the administrative proceedings were only nominally contested. In these circumstances,

the individuals who billed on this matter should not have needed to spend over 200 hours on the

administrative proceedings. <u>See</u> ECF No. 1 ¶¶ 27-28, 30, 53-55, 57-59. Moreover, the Cuddy

Law Firm had a history of representing the parents over a period of years and should have

achieved greater efficiencies in such representation in the subsequent administrative proceedings.

<u>See</u> ECF No. 23 ¶ 5 (establishing that the representation started in early 2021).

Additionally, the Cuddy Law Firm billed 11.2 hours of time to drafting and editing the first eight-page Due Process Complaint in Case No. 207452, and then billed 11.0 hours on the second Due Process Complaint in Case No. 222763. But both documents were short and neither raised complex legal issues. To the contrary, both merely summarized M.K.'s educational history. See ECF No. 23-1 at 2-4; ECF No. 23-2 at 2-5. Further, the second Due Process Complaint should have required far less time to complete because there were minimal changes between that complaint and the first Due Process Complaint, and the second complaint relied largely on the information contained in the first complaint. See ECF No. 32 ¶¶ 14, 16. Courts in this District have reduced the hours billed by the Cuddy Law Firm after concluding that the firm overbilled for drafting a Due Process Complaint, in cases where the complaints were of similar length or complexity as the complaints here. See F.N. v. N.Y.C. Dep't of Educ., No. 21-CV-11177 (MKV), 2024 WL 1348637, at *11-12 (S.D.N.Y. Mar. 29, 2024) (finding that 9.8 hours spent drafting a seven-page Due Process Complaint was excessive and applying a 20% reduction to the hours billed); H.W. v. N.Y.C. Dep't of Educ., No. 21-CV-8604 (JLR), 2023 WL 5529932, at *10 (S.D.N.Y. Aug. 28, 2023) (finding 11.4 hours billed to draft a nine-page Due Process Complaint to be excessive and reducing hours by 15%); Y.S, 2022 WL 4096071, at *5 (total hours reduced by 20% where, inter alia, the Cuddy Law Firm overbilled in spending 13.1 hours drafting an eight-page Due Process Complaint) (collecting cases).

Apart from the time spent preparing the Due Process Complaints, there is other evidence of overbilling. For example, the firm billed 11.3 hours, across multiple attorneys, in preparation for an 8-minute pre-hearing conference. See ECF No. 32 ¶ 19[12]; ECF No. 26-18 at 26-29. Courts

---

[12] There is a typographical error in this declaration, which contains two paragraphs each numbered 19. The citation herein is to the second paragraph 19 (what should in fact be paragraph 20) in the declaration.

have reduced the hours billed by the Cuddy Law Firm for similar instances of overbilling. See

V.W., 2023 WL 2609358, at *13 (adopting, over plaintiff's objections, Magistrate Judge's

recommendation that 2.5 hours of preparation for a 3-minute hearing was excessive).

Further, the billing records indicate that attorneys from the Cuddy Law Firm billed for

administrative tasks that should have been delegated to a paralegal or a more junior attorney. See

ECF No. 32 ¶ 18. For example, Michael Cuddy, a partner with 15 years of experience handling

IDEA cases, billed for administrative tasks like requesting "completion of direct reimbursement

form," printing copies of forms "for case file-exhibit binder and revis[ing] table of contents,"

reviewing a "motion to schedule," and mailing documents. Id. ¶ 19; ECF No. 28 at 5, 14; ECF

No. 26-18 at 8-9.

The DOE criticizes the Cuddy Law Firm for billing in 0.1-hour increments for tasks that

should have taken very little time, such as "M. Cuddy merely receiving and reviewing routine 'e-

messages' from the Impartial Hearing Office." ECF No. 32 ¶¶ 12-13. To be sure, if the billing

records reflected many 0.1-hour entries by the same attorney in a single day, that type of billing

"practice can improperly inflate the number of hours billed beyond what is appropriate." See

C.D., 2018 WL 3769972, at *8. That practice, however, is not reflected in these billing records.

Instead, a review of the billing records indicates only a handful of billing entries for 0.1-hour

increments during the entire duration of the administrative proceedings and the instant federal

action. Further, there are no instances where there are more than two 0.1-hour billing entries in a

single day by a single timekeeper, and all of the 0.1-hour entries reflect an appropriate amount of

time for the work described. See e.g., ECF No. 26-18 at 20 (two 0.1-hour entries for Caitlin

O'Donnell appear for June 11, 2021, however, the second entry was not charged but the rate was

instead $0.00). There are some entries where the timekeeper billed for a total number of hours

and, in describing the work performed, allocated the total time billed amongst specific tasks, some of which were allocated 0.1 hours. See e.g., id. at 23 (entry by Erin Murray on August 24, 2021, is for 1.2 hours, however the description of the entry includes four tasks that were each assigned 0.1-hours in a breakdown of the overall time spent). But even considering these 0.1-hour descriptions, the amount of time spent on the tasks was reasonable.

Nevertheless, as discussed, the billing records do contain numerous instances of excessive billing by the Cuddy Law Firm. Accordingly, I recommend a 20% reduction in the total requested hours. See S.C., 2024 WL 1447331, at *6-7 (reducing plaintiffs' requested hours by 20% where they sought $53,196.86 in fees for 152.2 hours of attorney and paralegal time spent on an administrative proceeding); Y.S., 2022 WL 4096071, at *2, 5 (reducing plaintiffs' requested hours by 20% where they spent 86.8 hours on an administrative proceeding); T.H. v. N.Y.C. Dep't of Educ., No. 20-CV-1922 (LGS) (SDA), 2022 WL 16945703, at *5-7 (S.D.N.Y. Nov. 15, 2022), report and recommendation adopted by 2022 WL 17881623 (Dec. 29, 2022) (reducing plaintiffs' requested hours by 20% where they sought $31,080 in fees for 73.9 hours of attorney and paralegal time on an administrative proceeding).  I therefore recommend an award of fees for the administrative proceedings consistent with the charts below:

| CONSOLIDATED ADMINISTRATIVE CASES | | | | |
|---|---|---|---|---|
| | Requested Hourly Rate | Requested Hours | Recommended Hourly Rate | Recommended Hours (20% reduction) | Recommended Total |
| Andrew Cuddy | $550 | 6.30 | $425 | 5.04 | $2,142 |
| Erin Murray | $375 | 22.30 | $200 | 17.84 | $3,568 |
| Kevin Mendillo | $450 | 0.20 | $325 | 0.16 | $52 |
| Justin Coretti | $425 | 0.20 | $325 | 0.16 | $52 |
| Michael Cuddy | $550 | 84.70 | $400 | 67.76 | $27,104 |
| Cailin O'Donnell | $225 | 9.30 | $125 | 7.44 | $930 |
| ChinaAnn Reeve | $225 | 9.90 | $125 | 7.92 | $990 |
| Shobna Cuddy | $225 | 5.00 | $125 | 4.00 | $500 |
| **Total** | | **147.60** | | **118.08** | **$35,338**[13] |

---

[13] In the August 2 Report & Recommendation, this total amount was $38,438. See ECF No. 53 at 22. That calculation was incorrect. It relied on the billing records submitted by Plaintiff at ECF No. 26-18, which had wrongly attributed 94.60 hours of work to Michael Cuddy in the consolidated administrative cases, rather than 84.70 hours of work reflected in the revised billing records submitted by Plaintiff at ECF No. 39-2. See ECF No. 54 at 2. The prior total amount also excluded 0.20 hours of time billed by Andrew Cuddy. Id. Th revised total amount herein reflects the updated hours for Andrew Cuddy and Michael Cuddy.

| ADMINISTRATIVE CASE 243824 | | | | | |
|---|---|---|---|---|---|
| | Requested Hourly Rate | Requested Hours | Recommended Hourly Rate | Recommended Hours (20% reduction) | Recommended Total |
| Andrew Cuddy | $550 | 1.70 | $425 | 1.36 | $578 |
| Erin Murray | $375 | 15.90 | $200 | 12.72 | $2,544 |
| Kevin Mendillo | $450 | 29.40 | $325 | 23.52 | $7,644 |
| John Cuddy | $550 | 4.50 | $200 | 3.6 | $720 |
| Cailin O'Donnell | $225 | 1.80 | $125 | 1.44 | $180 |
| ChinaAnn Reeve | $225 | 14.50 | $125 | 11.6 | $1,450 |
| Shobna Cuddy | $225 | 2.20 | $125 | 1.76 | $220 |
| **Total** | | **69.00** | | **55.2** | **$13,336**[14] |

ii.    *Federal Action*

Plaintiffs also seek an award of $19,642.50 in fees for 46.2 hours billed for the litigation in this Court. ECF No. 39-2 at 1. The nearly 50 hours of work expended by the Cuddy Law Firm during this litigation was spent drafting an eight-page complaint and preparing the instant motion for attorneys' fees. The DOE argues that the hours billed in connection with this action should be reduced by 80%, if not denied completely. See ECF No. 35 at 6. It contends that large portions of Plaintiffs' filings are identical to those used by the Cuddy Law Firm in previous cases and therefore the time spent drafting the complaint and instant fees motion was excessive. Id. at 17-19. The DOE is correct.

First, the eight-page complaint here is similar to the many other complaints filed in these types of actions by the Cuddy Law Firm: it is a straightforward recitation of the facts of the administrative proceedings and the relief requested in the instant action. And to the extent it

---

[14] In the August 2 Report & Recommendation, this total amount was $12,996. See ECF No. 53 at 23. That calculation excluded 1.0 hours of time by Andrew Cuddy. See ECF No. 26-19 at 19. This revised amount now includes that time.

contains any different information, it is information that the Cuddy Law Firm could have copied from its Due Process Complaints in the administrative proceedings. Despite the boilerplate nature of the complaint, attorneys from the Cuddy Law Firm spent 6.0 hours drafting and reviewing this eight-page document. See ECF No. 33 ¶ 7.

Second, the Cuddy Law Firm spent a total of approximately 18.30 hours in the federal action preparing its papers for the instant motion for attorneys' fees. But the motion papers here are straightforward and largely identical to submissions by the Cuddy Law Firm in other cases. For example, the Cuddy Law Firm billed 6.60 hours to drafting the memorandum of law in support of the motion for fees in this case. See ECF No. 39-2. The memorandum is nearly identical to the memorandum of law filed in S.C. In fact, even though Benjamin Kopp did not perform any work on this case, the memorandum submitted in support of the instant motion contains the same background information concerning Benjamin Kopp as in S.C., where he did perform work. Compare ECF No. 28 at 7, 19 with No. 23-CV-1266 (LGS) (JLC), ECF No. 33 at 10. The memorandum here also includes eight pages dedicated to information about surveys and prevailing rates, and the information in those eight pages is nearly identical to the same information provided in S.C. Five pages of the memorandum in this case concerning prevailing rates appears to have been directly copied without change from the S.C. memorandum. Compare ECF No. 28 at 14-21 with No. 23-CV-1266 (LGS) (JLC), ECF No. 33 at 13-24.

Finally, the Cuddy Law Firm also billed an excessive amount of time (11.7 hours) to preparing the declarations submitted in this matter in support of the motion for fees. See ECF No. 35 at 21; ECF No. 26-18. Much of the information provided in these declarations is the same information included in the memorandum of law or complaint. In other words, it is information the Cuddy Law Firm recycled from those other filings. Additionally, some of the declarations

filed here are nearly identical to declarations filed by the Cuddy Law Firm in other IDEA cases.
Compare e.g., ECF No. 26 with No. 23-CV-1266 (LGS) (JLC), ECF No. 32.

The Cuddy Law Firm "has repeatedly had its billing hours reduced" for practices akin to those identified here. S.C., 2024 WL 1447331, at *7 (citing H.W., 2023 WL 5529932, at *11) (reducing fees award because of "the duplicative nature of [the Cuddy Law Firm]'s filings"); T.H., 2022 WL 16945703, at *7 (reducing fees award because "[the Cuddy Law Firm] used the same template for its complaint and summary judgment motion papers as it has used in other cases"); C.B., 2019 WL 3162177, at *12 (reducing fees award because "the hours spent on th[e] federal action include time spent on memoranda and declarations that look to be mostly (poorly) copy-and-pasted from those Cuddy Law Firm submitted in [another case].") . Additionally, courts have reduced the requested fees where the bulk of the time in the federal action was spent litigating the attorneys' fees, as occurred here. S.C., 2024 WL 1447331, at *8 (reducing hours spent on the federal action by 25% where most of the time spent in federal action was on litigating fees); N.A. v. N.Y.C. Dep't of Educ., No. 21-CV-2634 (PGG) (SLC), 2022 WL 17581774, at *10-11 (S.D.N.Y. Dec. 12, 2022) (reducing hours spent on federal action by 50%); L.L. v. N.Y.C. Dep't of Educ., No. 20-CV-2515 (JPO), 2022 WL 392912, at *5 (S.D.N.Y. Feb. 9, 2022) (reducing hours spent on similar motion by 50%); R.P. v. N.Y.C. Dep't of Educ., No. 21-CV-4054 (JMF), 2022 WL 1239860, at *7 (S.D.N.Y. Apr. 27, 2022) (reducing hours spent on federal action by 30%); J.R. v. N.Y.C. Dep't of Educ., No. 19-CV-11783 (RA), 2021 WL 3406370, at *6 (S.D.N.Y. Aug. 4, 2021) (reducing hours spent litigating attorneys' fees by 25%); R.G., 2019 WL 4735050, at *4-5 (reducing hours spent litigating attorneys' fees by 26%). Given the overbilling by the Cuddy Law Firm in this straightforward federal action where the only issue litigated was attorneys' fees, I recommend a 25% reduction in the hours billed in the

federal action. See R.G., 2019 WL 4735050, at *5 (reducing the Cuddy Law Firm's hours spent litigating attorneys' fees by approximately 26% given the relatively boilerplate complaint); J.R., 2021 WL 3406370, at *6 (reducing the Cuddy Law Firm's hours spent litigating attorneys' fees by 25% because they over billed for a straightforward case where the only issue was fees).

On September 15, 2023, the DOE made an Offer of Settlement in the amount of $55,500. See ECF No. 35 at 5. Plaintiffs rejected this offer. ECF No. 25 at ¶ 7. The DOE's settlement offer limits the amount Plaintiffs can receive if the relief Plaintiffs ultimately obtain is "not more favorable" than the DOE's settlement offer. See 20 U.S.C. § 1415(i)(3)(D); C.G. v. Ithaca City Sch. Dist., No. 5:11-CV-1468 (GLS) (DEP), 2012 WL 4363738, at *2-3 (N.D.N.Y. Sept. 24, 2012), aff'd, 531 F. App'x 86 (2d Cir. 2013) ("[IDEA] prohibits recovery of fees and costs which accrue subsequent to the time of a written offer of settlement.") (internal quotation marks omitted). After the recommended reductions in the hourly rates and hours expended discussed herein, Plaintiffs would recover $53,481.12, in attorneys' fees and costs for work performed in the administrative and federal actions through the date of the settlement offer. This amount is less than the DOE's settlement offer of $55,500 for work performed by the Cuddy Law Firm prior to September 15, 2023. Plaintiffs are thus barred from recovering for work performed by the Cuddy Law Firm after the DOE's offer of settlement. See O.R., 340 F. Supp. 3d at 371 (denying plaintiff's request for fees subsequent to the offer of settlement because plaintiff was entitled to less than the settlement offer); H.C., 2021 WL 2471195, at *10-11 (denying any fees or costs incurred after the date of the offer of settlement because the court's calculated award was less than the settlement offer).

There is no merit to Plaintiffs' arguments that the settlement offer does not bar recovery of fees because they had a "substantial justification" for rejecting the offer. ECF No. 36 at 5.

27

First, Plaintiffs argue that they were substantially justified in rejecting the settlement offer because Defendant's offer relied on historical rather than prevailing market rates for attorneys at the Cuddy Law Firm. Id. at 5. As already discussed however, see supra Section A, a review of recent IDEA attorneys' fee cases demonstrates that the hourly rates requested here by Plaintiffs' counsel are too high and not in line with the prevailing rates in this District for attorneys from the Cuddy Law Firm.

Second, the Cuddy Law Firm objected to Defendant's inclusion of language in the settlement offer requiring Plaintiffs to waive their right to interest on the settlement amount. Id. But this too did not provide a substantial justification to reject the DOE's settlement offer. If the DOE delayed payment of the settlement amount past the 90-day statutory period for a municipality to pay all sums to a settling plaintiff, see N.Y. C.P.L.R. § 5003-a, Plaintiffs could then seek an award of interest on the settlement amounts—an option that the Cuddy Law Firm has previously successfully pursued. See, e.g., D.M. v. New York City Dep't of Educ., No. 19-CV-1477 (ER), 2021 WL 4441508, at *2 (S.D.N.Y. Sept. 28, 2021) (granting the Cuddy Law Firm the settlement amount of $28,000 plus nine percent interest because DOE failed to tender payment within ninety days of the settlement); C.S. v. New York City Dep't of Educ., No. 19-CV-11419 (CM) (GWG), 2021 WL 1851366, at *3-4 (S.D.N.Y. Apr. 8, 2021) (awarding Cuddy Law Firm nine percent interest on a settlement that DOE failed to pay within the required 90-day period). The Cuddy Law Firm thus had the ability to protect Plaintiffs' interests in the event of an untimely payment by the DOE of the settlement amount. Plaintiffs did not have to reject the settlement offer on that basis.

The chart below summarizes the recommended award for work in the federal action.

| FEDERAL ACTION | | | | | | |
|---|---|---|---|---|---|---|
| | Requested Hourly Rate | Requested Hours | Hours Requested by 9/15/23 | Recommended Hourly Rate | Recommended Hours (25% reduction) | Recommended Total |
| Andrew Cuddy | $600 | 5.50 | 2.2 | $425 | 1.65 | $701.25 |
| Erin Murray | $375 | 0.60 | 0.0[15] | $200 | 0.0 | $0 |
| Francesca Antorino | $425 | 31.80 | 18.9[16] | $200 | 14.175 | $2,835 |
| Kevin Mendillo | $500 | 1.80 | 0.9[17] | $325 | 0.675 | $219.38 |
| Michael Cuddy | $600 | 0.60 | 0.6 | $400 | 0.45 | $180 |
| Cailin O'Donnell | $225 | 1.30 | 1.3 | $125 | 0.975 | $121.88 |
| ChinaAnn Reeve | $225 | 0.40 | 0.4 | $125 | 0.3 | $37.50 |
| David Coyle | $225 | 0.60 | 0.0[18] | $100 | 0.0 | $0 |

[15] The August 2 Report & Recommendation attributed 0.6 hours to Erin Murray for work performed prior to September 15, 2023. That number was incorrect as Murray performed 0 hours of work prior to September 15. See ECF No. 54 at 2 n. 4.

[16] The August 2 Report & Recommendation attributed 25.2 hours of time to Francesca Antorino for work performed prior to September 15, 2023. That number was incorrect as Antorino performed 18.9 hours of work by September 15. See ECF No. 54 at 2 n. 4. In calculating the 18.9 hours included herein, the time spent by Antorino on September 15 reviewing the DOE's settlement offer was not included in the calculation. See M.R. v. N.Y.C. Dep't of Educ., No. 21-CV-5504 (VEC), 2022 WL 16575767, at *3 (S.D.N.Y. Oct. 31, 2022) (stating that work performed on the day of the settlement offer reviewing that offer is not included in the award calculation).

[17] The August 2 Report & Recommendation attributed 1.1 hours of time to Kevin Mendillo for work performed prior to September 15, 2023. That number was incorrect as Mendillo performed 0.9 hours of work prior to September 15. See ECF No. 54 at 2 n. 4. Here, too, the time spent by Mendillo on September 15 reviewing the DOE's settlement offer was not included in the calculation. See M.R., 2022 WL 16575767, at *3.

[18] The August 2 Report & Recommendation attributed 0.6 hours to David Coyle for work performed prior to September 15, 2023. That number was incorrect as Coyle performed 0 hours of work prior to September 15. See ECF No. 54 at 2 n. 4.

**FEDERAL ACTION**

| | Requested Hourly Rate | Requested Hours | Hours Requested by 9/15/23 | Recommended Hourly Rate | Recommended Hours (25% reduction) | Recommended Total |
|---|---|---|---|---|---|---|
| Francesca Antorino[19] | $225 | 1.60 | 1.2 | $125 | 0.9 | $112.50 |
| Shobna Cuddy | $225 | 5.00 | 1.0[20] | $125 | 0.75 | $93.75 |
| **Total** | | **49.20** | **26.8** | | **20.1** | **$4,301.26** |

C. Costs

"A district court may award reasonable costs to the prevailing party in IDEA cases." C.D. 2018 WL 3769972, at *12 (citing 20 U.S.C. § 1415(i)(3)(B)(i)(1)). Plaintiffs request $683.66 in costs.[21] See ECF No. 39 at 4-5. This amount includes: (1) the $402 filing fee in the federal action, ECF No. 39-2 at 6; (2) $27.66 in postage for filings in the administrative hearings, see ECF No. 39-1 at 14-15, 40; ECF No. 26-19 at 1, 19; and (3) $254 in printing costs. Id. at 14-15, 39-40. The DOE does not object to reimbursement for the filing fee, postage, and printing costs, all of which are reasonable expenses for which courts have approved reimbursement. See, e.g., R.P., 2022 WL 1239860, at *7 (reimbursement granted for postage, printing, and filing fee).

Plaintiffs also seek reimbursement for $254 in printing costs, which the billing records indicate was at a cost of $0.50 per sheet. See, e.g., ECF No. 39-1 at 40 (entries showing per page

---

[19] Francesca Antorino, a billing attorney on the Federal Action, also performed a small number of administrative tasks, which the Cuddy Law Firm appropriately billed at a paralegal rate. See ECF No. 39-2 at 4-5.

[20] The August 2 Report & Recommendation attributed 4.0 hours to Shobna Cuddy for work performed prior to September 15, 2023. That total should have been 1.0 hours. See ECF No. 54 at 2 n. 4.

[21] Plaintiffs did not include a request for costs in their opening brief on this motion. Plaintiffs included theses costs in Andrew Cuddy's Declaration, see ECF No. 26-18 at 1, and in their reply brief. The DOE was afforded a sur reply and it did not raise any objection to the timing of when Plaintiffs raised these costs. See ECF No. 42.

billing cost). Courts in this District have found that a cost of $0.50 per page to print is "excessive" and have limited printing costs to $0.10 to $0.15 per page. See, e.g., R.G. 2019 WL 4735050, at *6-7; S.B., 2024 WL 1406559, at *10 (concluding that $0.50 per page is excessive and reducing to $0.10 per page). I thus recommend an award of printing costs at a rate of $0.15 per page, resulting in an amount of $76.20.

In sum, I recommend a total award of costs in the amount of $505.86.

D. Post-Judgement Interest

Lastly, Plaintiffs seek post-judgment interest on any award. See ECF No. 28 at 22. Post-judgment interest is mandatory on monetary awards in civil cases in federal court. See S.J. v. N.Y.C. Dep't of Educ., No. 20-CV-1922 (LGS), 2021 WL 100501, at *5 (S.D.N.Y. Jan. 12, 2021) (explaining that pursuant to 28 U.S.C. § 1961, "the award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered") (internal citation omitted). As such, I recommend an award of post-judgment interest on the amounts of fees and costs awarded on Plaintiffs' motion.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that Plaintiffs' motion be

**GRANTED** in part and **DENIED** in part. Specifically, I recommend that Plaintiffs be awarded

$52,975.26 in attorneys' fees and $505.86 in costs. I further recommend that Plaintiffs be

awarded post-judgment interest, accruing from the date of judgment on the unpaid amount of the

judgment at the rate established by 28 U.S.C. § 1961(a).

**SO ORDERED.**

DATED:        New York, New York
                   August 22, 2024

_____
VALERIE FIGUEREDO
United States Magistrate Judge

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

**Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), 6(b), 6(d). A party may respond to any objections within 14 days after being served. Any objections and responses shall be filed with the Clerk of the Court. Any request for an extension of time to file objections or responses must be directed to the Honorable Jesse M. Furman. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a), 6(b), 6(d); Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).**